37078. BOWDEN v. MEWS DEVELOPMENT CORPORATION.

HILL, Presiding Justice.

Plaintiff-lessee sued defendant-lessor for specific performance of an option. The parties executed an apartment lease in early 1979 which provided that the lessee would have the option to purchase the premises on specified terms in the event the apartments were converted to condominiums.

The option provided in pertinent part as follows: "Such option shall be exercised by Lessee by written notice to Lessor not more than ten (10) days following the conversion of the apartments to 'condominium ownership.' Such ten (10) day term shall commence with notice by Lessor to Lessee of the filing of its 'Condominium Declaration.' "

Lessee rented the apartment for his daughter and her roommate. The lease provided that the notices from lessor to lessee were to be given to the person occupying the premises or if no person were occupying the premises then by attaching the notice to the front entrance. Copies of notices were also to be sent to lessee's last known address if different from the premises. The lessee's address was understood at the time to be 1073 Huff Road, Atlanta, Georgia, and lessee notified lessor that notice of conversion to condominiums was to be given lessee at that address. On May 26, 1979, the lessee sent a mailgram to lessor which requested that all notices of conversion to condominiums be sent to lessee's attorney at a given address because the apartment would be unoccupied much of the time.

During July, 1979, lessee filed a change of address with the post office so that mail sent to his Huff Road address would be forwarded to him at his new address in Gainesville. No notification of a change of home address was given to the lessor.

Lessor's president dictated a letter addressed to lessee at his Huff Road address, with a copy to lessee's attorney at the latter's address, advising that the apartments were being converted to condominiums. The letters to lessee and his attorney were mailed on Friday, July 13, 1979, sometime after 5:00 p.m. No other notice of any

kind was given.

Lessee's attorney testified that he probably did not receive the letter on Saturday, July 14, 1979, but that he probably received the letter during the week of July 16-20, 1979. He took no action on the letter. Lessee's wife received the letter in Gainesville, Georgia, on July 26, 1979, and lessee's attorney was immediately contacted. On instructions from lessee, a letter from his attorney was hand delivered to lessor on the following day, July 27, exercising the option.

On July 31, 1979, lessor wrote lessee that he had not timely exercised his option to purchase and that lessor recognized no obligation to him. Lessee brought suit seeking specific performance of the option contract or, alternatively, damages.

The parties stipulated the facts and submitted the case to the trial court sitting without a jury. The trial court found in favor of the lessor. On appeal, the lessee enumerates three errors.

1. The lessee is estopped from insisting that notice be given in strict accordance with the lease. Notice to lessee's attorney, albeit a copy of the letter to lessee, was given in accordance with lessee's request.

2. Time is not generally of the essence of a contract, Code Ann. § 20-704 (9), but an option "is peculiarly a contract of which time is of the essence." *Larned v. Wentworth,* 114 Ga. 208, 222 (39 SE 855) (1901). Lessee urges that while time is of the essence of an option in gross, it is not as to an option appendant. (See *St. Regis Paper Co. v. Brown,* 247 Ga. 361 (276 SE2d 24) (1981) for discussion of options appendant and in gross.) In support of this argument, lessee relies on the following dicta in *Hughes v. Holliday,* 149 Ga. 147, 150 (99 SE 301) (1919): "There may be cases, as where the option is connected with a lease and is supported by adequate consideration paid for the lease, in which equity will consider the option as in the nature of a property right already acquired, and will, to avoid a forfeiture, refuse to consider time as of the essence of the contract . . .." If time were not of the essence of an option appendant to a lease, then such option would be exercisable within a reasonable time after the time specified in the contract. Such a situation would chill the sale of leased premises and we decline to adopt the possibility left open by *Hughes v. Holliday,* supra, that time is not of the essence of options appendant. The quoted dicta will not be followed. We hold that time is of the essence of options appendant as well as options in gross. See Annot. 72 ALR2d 1127.

3. Lessee had the burden of proof and thus the evidence shows that notice was received by lessee's attorney on or before Monday, July 16. The lease provides that the option shall be exercised by written notice to lessor "not more than" ten days following notice of

conversion. Exercise of the option on July 27, the eleventh day after notice, was more than 10 days following the notice of conversion and hence was not timely. Specific performance was properly denied.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 1981.

*Valianos, Joh & Homer, Christopher J. Valianos,* for appellant.
*Trotter, Bondurant, Miller & Hishon, Robert H. Hishon, David A. Montgomery,* for appellee.