A91A0496. DANIEL et al. v. SAFEWAY INSURANCE
COMPANY.
(406 SE2d 266)

BIRDSONG, Presiding Judge.

Jason C. Daniel, Henry E. Daniel, Jr., and Soccer United, Inc., appeal from the grant of summary judgment to Safeway Insurance Company in a declaratory judgment action about an exclusion in Safeway's insurance policy.

Jason Clary, a passenger in a car driven by Jason C. Daniel and owned by Henry E. Daniel, Jr., was injured in a collision with a car driven by Neal B. Miller and owned by R. L. Miller. At the time of the collision, Jason Daniel, an employee of Soccer United, was taking Jason Clary to the Soccer United soccer camp where Jason Clary was a camper.

In January 1989, Jason Clary filed suit against Soccer United and the drivers and owners of both cars for the damages incurred as a result of the collision. The complaint alleged causes of action against both drivers for their negligence and against both owners under the family purpose doctrine. The complaint also alleged that Soccer United was liable for the actions of its agent, Jason Daniel, who was acting within the scope of his employment.

The lawsuit was reported to Safeway and in accordance with the policy it provided a defense to the Daniels by retaining counsel who filed an answer and participated in discovery. Safeway did not provide a reservation of rights letter or non-waiver agreement before doing so. In June 1989, the parties took the depositions of Jason Clary's parents. They testified that in addition to other fees for the soccer

camp, they paid a $35 fee to Soccer United so that Jason would be transported to and from soccer camp. The depositions do not show, however, that Jason Daniel received any of the transportation fee.

In April 1990, Safeway filed this declaratory judgment action based on a provision in the policy excluding coverage arising from "ownership or operation of a vehicle while it is being used to carry persons or property for a fee." Subsequently, Safeway moved for summary judgment contending that the exclusion was applicable to this incident. Thereafter, Jason Clary, the Millers, the Daniels, and Soccer United responded to Safeway's motion and also filed their own motion for summary judgment which contended that Safeway was estopped from asserting the exclusion because Safeway assumed the defense of the action without a reservation of rights or a non-waiver agreement and because the exclusion is ambiguous and inapplicable to the facts of the litigation.

Although Safeway responded neither to the defendants' motion for summary judgment nor to the response to its motion, the trial court granted Safeway's motion and denied the motion by Soccer United, Jason Clary, the Daniels, and the Millers. The Daniels and Soccer United now appeal. *Held*:

1. Regardless whether the exclusion in the Safeway policy may be enforced generally, the record before us shows summary judgment was improperly granted to Safeway because the response to its motion showed a question of material fact remained. An insurer may waive or may be estopped from enforcing even valid policy exclusions by failing to assert them in a timely manner. *State Farm &c. Ins. Co. v. Wright*, 137 Ga. App. 819 (224 SE2d 796). The record, particularly Jason Daniel's affidavit stating that Safeway assumed the defense without a reservation of rights or a non-waiver agreement, shows an issue exists in this case concerning the application of the doctrines of waiver or estoppel.

The record shows information at some point came to Safeway's knowledge that the exclusion might be applicable, but it may not have taken measures to reserve its rights under the policy. Although the record does not show when Safeway received this information, it does show that the complaint contained information showing that Jason Daniel was within the scope of his employment at the time of the collision and the Clarys' depositions showed that they paid a transportation fee for their son. As the movant, Safeway had the burden of showing that it was entitled to the relief it sought. Further, the evidence must be construed in favor of the respondents to Safeway's motion and they must be given the benefit of all inferences and reasonable doubts. OCGA § 9-11-56 (c); *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843). Therefore, we must deem that the information upon which the exclusion is being asserted came to

Safeway at least shortly after the Clarys' depositions. As the exclusion was not asserted for ten months thereafter, a question of fact exists whether Safeway is estopped from asserting the exclusion and thus the grant of summary judgment was not authorized.

2. Regarding the allegation that the Daniels and Soccer United's motion for summary judgment was erroneously denied, the record shows that Safeway provided a defense in this action without a reservation of rights or a non-waiver agreement and that Safeway relied upon the Clarys' depositions taken some ten months before it attempted to assert the exclusion. In this analysis, however, Safeway and not the Daniels and Soccer United are entitled to a favorable construction of the evidence and all reasonable doubts.

Knowledge by the insurance company of information under which the exclusion might be invoked is an essential ingredient to asserting the doctrine of waiver. *Prescott's Altama Datsun v. Monarch Ins. Co.*, 253 Ga. 317 (319 SE2d 445). Thus, construing the evidence in Safeway's favor, the allegation in the complaint regarding Jason Daniel's acting within the scope of his employment does not require the construction that he was receiving a transportation fee for his services. Further, as the evidence of record does not show when Safeway received information supporting application of the exclusion, if we give Safeway the benefit of all reasonable doubts we must conclude that an issue exists on whether it acted promptly in asserting its rights. Therefore, we cannot say that estoppel or waiver must be applied. Moreover, estoppel usually is an issue of fact. *Tally v. Atlanta Nat. &c. Trust*, 146 Ga. App. 585, 589 (246 SE2d 700). Thus, affording Safeway its rights as a respondent to the motion for summary judgment (OCGA § 9-11-56 (c)); *Moore v. Goldome Credit Corp.*, supra), the record does not suggest that the trial court erred by denying summary judgment to Soccer United and the Daniels.

3. Because of the state of the record on whether Jason Daniel received the transportation charge paid by the Clarys, we cannot address the applicability of the policy exclusion under the facts of this case. Although the pleadings in support of the Daniels' motion for summary judgment state that certain events occurred, this is not sufficient for these purposes. "[A] brief in support of a motion for summary judgment is not proper evidence upon which summary judgment can be granted." *Lynch v. Ga. Power Co.*, 180 Ga. App. 178, 179 (348 SE2d 719). Accordingly, the trial court did not err by refusing to hold the exclusion ambiguous as a matter of law under the facts of the case.

*Judgment reversed. Pope and Cooper, JJ., concur.*

DECIDED MAY 31, 1991.

Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, Wayne D. McGrew III, Todd M. Yates, for appellants.

F. Earl Wiggers, Jr., James A. Goldstein, for appellee.