A96A0865. SOLON AUTOMATED SERVICES, INC.
v. CORPORATION OF MERCER UNIVERSITY.
(473 SE2d 544)

SMITH, Judge.

In this dispute involving the termination of a lease agreement between the Corporation of Mercer University and Solon Automated Services, Inc., Solon appeals from the trial court's grant of summary judgment to Mercer. Solon brought this appeal in the Supreme Court, which transferred it to this Court because any equitable claims are ancillary to the main issues involved. *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328) (1993).

Mercer leased its student laundry facilities to Solon for a ten-year term beginning on December 21, 1984. Solon furnished the coin laundry equipment. The lease provides for automatic renewals for successive five-year periods unless either party gives notice of termination. It also grants to Solon a "right of first refusal" should Mercer decide to lease to a competitor instead.

Mercer was dissatisfied with Solon's performance and decided not to renew Solon's lease. Paragraph 2 of the lease agreement recites that notice of termination must be given "within the first month of the final year of lessee's occupancy." This notice period fell between December 21, 1993, and January 20, 1994. Mercer, however, mistakenly relied upon an earlier, unsigned version of the lease providing for a lease term that began and ended earlier, and it attempted to terminate the lease on December 1, 1993.

After the date on which it (mistakenly) believed Solon's lease expired, Mercer solicited other proposals for operating the laundry facilities. Mercer apparently believed that if it waited until after Solon's lease term expired, it could enter into a lease with a Solon competitor without honoring Solon's right of first refusal. Regardless of the correctness of this belief, the lease term had not, in fact, expired when Mercer solicited the proposals. Mercer received several proposals, and it notified Web Services, a Solon competitor, in mid-December that it intended to enter into a contract with Web in accordance with Web's previously submitted proposal for operating the laundry rooms. Web then informed Solon of the intended contract, and Solon informed Mercer it insisted upon enforcing its right of first refusal.

After learning of its mistake, Mercer reversed its decision to enter into a contract with Web, deciding instead to operate the student laundry facilities itself. The Solon lease expired on December 20, 1994, but Solon refused to vacate. Mercer continued to accept rent from Solon, and on May 26, 1995, it filed this dispossessory action. The trial court granted Mercer's motion for summary judgment, finding that Mercer's notice was sufficient to terminate the lease, that Mercer's actions did not trigger Solon's right of first refusal, and that Solon was a tenant at sufferance despite Mercer's acceptance of rent.

1. Solon contends the trial court erred in concluding that Mercer's exercise of its option to terminate the lease was valid.

The trial court concluded that the notice was effective because the purpose of the lease provision requiring notice within a specific time period was "to provide the receiving party with sufficient notice to take such action as needs to be done for the termination of the lease." Although the notice in this case was clearly untimely, its untimeliness consisted in its being given too early, rather than too late. The receiving party in this case, Solon, therefore had *more* time to take the necessary action, and the purpose of the requirement was served.

Further, the lease does not contain a provision making time of the essence. Such a term is not generally implied in contracts, although Solon correctly notes that it is implied in option contracts.

See, e.g., *Bowden v. Mews Dev. Corp.*, 247 Ga. 546, 547 (2) (277 SE2d 653) (1981). In option contracts, the provision is inferred in order to mitigate the fact that such contracts are generally weighted in favor of the optionee. "[B]ecause of the singular one-sidedness of an option contract in creating, for a stated duration, an irrevocable offer of the optionor, the law requires that the optionee perform all of its obligations under that contract with particular timeliness." *Barkley-Cupit Enterprises v. Equitable Life Assurance Society &c.*, 157 Ga. App. 138, 141 (276 SE2d 650) (1981).

Even assuming, without deciding, that the right of first refusal in this lease was, in fact, an option contract and a provision that time is of the essence should be inferred, such a term requires only that the *optionee* perform timely. The notice in issue here was given by Mercer, who would not be the optionee but the *optionor*. Moreover, the notice given here does not pertain to the right of first refusal. It was given to initiate a different event: the intent to terminate the lease. Mercer's notice was given only a matter of days outside the period specified in the lease; the lease contains no term making time of the essence in terminating the lease, and we may not infer one. We hold, therefore, that Mercer substantially complied with the applicable lease provision. The trial court did not err in concluding that Mercer's notice, although early, constituted an effective notice of lease termination under the requirements of paragraph 2 of the lease.

2. In two enumerations, Solon contends the trial court erred in denying its claim for specific performance.

The trial court concluded that the mere termination of Solon's lease did not trigger Solon's right of first refusal; under the lease provisions, this right was triggered only if Mercer contracted with another company for the services formerly provided by Solon. We agree with this conclusion.

Solon argues that Mercer in fact intended to contract with a competitor, an event from which Solon is protected by the right of first refusal, and that Mercer changed its course of action only because of Solon's insistence upon its contractual right of first refusal. Regardless of Mercer's intentions or reasons for acting, however, the fact remains that Mercer has not at this point entered into a lease agreement with a competitor. Mercer presented sworn testimony that it does not now intend to contract with another company to provide these services but plans to provide the service and operate the laundry rooms itself.

It is clear that if the university had not first solicited proposals from other outside contractors but instead had elected to terminate Solon's lease in order to operate its own student laundry rooms, Solon's right of first refusal under the lease would not apply. It is also

plain that the lease agreement does not give Solon the right to "match" contract terms when no new contract exists or is intended. As applied to lease agreements, "[t]he general, majority, view is that a 'first right of refusal' grants the lessee no right or assurance of a new term of lease, but constitutes only an offer to lease conditioned upon the lessor's decision to lease to anyone. It does not bind or obligate the lessor to lease the premises at all, and the lessor retains the privilege of withholding the property from the rental market altogether." *U. S. Enterprises v. Mikado Custom Tailors*, 250 Ga. 415, 416 (297 SE2d 290) (1982).

That Mercer did not immediately decide upon its present course of action regarding the student laundry facilities is immaterial. Mercer's initial exploration of other possibilities does not change the fact that, as of now, Mercer is not leasing or intending to lease the facilities to any other outside contractor or service provider. It is withholding the properties from the rental market. We therefore agree with the trial court's ruling that Solon's right of first refusal does not apply. We also note and agree with the trial court's careful specification in its order that the ruling on this issue was "not intended to cover . . . potential future negotiations to contract, which Mercer may enter into for these services, nor [does the ruling] preclude [Solon] from any future right of action in such event."

3. In its final three enumerations, Solon addresses the issue of whether it was a tenant at will rather than one at sufferance after the termination of the lease. A tenant at will must be given 60 days notice before a demand for possession is made. OCGA § 44-7-7.

(a) Solon first contends the trial court erred in considering this issue because Mercer did not raise it in its motion for summary judgment. We do not agree.

A party opposing a motion for summary judgment is not required to respond to issues not raised in the motion. *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 690 (1) (458 SE2d 876) (1995). But because *Solon* raised this issue in responding to the motion for summary judgment in this case, and because Georgia law permits a trial court to grant a motion for summary judgment sua sponte, we find no error. Solon raised this issue and the trial court considered it; all parties had notice that the issue was being considered. Compare *Hodge*, supra (respondent on motion for summary judgment had no notice issue not raised in motion would be considered or opportunity to respond).

(b) The trial court did not improperly resolve an issue of fact regarding the tenancy. Contrary to Solon's contention, the issue of whether it was a tenant at will or a tenant at sufferance is an issue of law, not one of fact. The material facts were undisputed.

(c) Finally, Solon asserts that the trial court erred in concluding

that the tenancy remained one at sufferance despite Mercer's acceptance of rent after the expiration of the lease. We do not agree.

If a landlord has terminated a tenant's lease and the tenant holds over, he becomes a tenant at sufferance. The landlord is estopped from treating the tenant as one at sufferance and evicting him without notice, however, if the landlord has given the tenant permission, expressly or impliedly, to remain in possession. We recognize that "[i]t takes little to convert a tenancy at sufferance into a tenancy at will. Anything that indicates the permission of the landlord for the tenant to remain in possession will have this effect. [Cit.]" *Carruth v. Carruth*, 77 Ga. App. 131, 135 (48 SE2d 387) (1948). But Mercer did not terminate Solon's lease for nonpayment of rent. It exercised its right to terminate the lease for other reasons, and Solon was holding over beyond the lease termination. "Under such circumstance, acceptance of the . . . rent did not estop [Mercer] from pursuing recovery of the premises. [Cit.]" *Main Station v. Atel I*, 190 Ga. App. 205, 207 (2) (378 SE2d 393) (1989). The trial court did not err.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED JUNE 25, 1996 — 

*Weiner, Yancey, Dempsey & Diggs, Thomas C. Dempsey*, for appellant.

*John P. Cole*, for appellee.