A00A0430. SWYTERS v. MOTOROLA EMPLOYEES CREDIT UNION et al.
(535 SE2d 508)

SMITH, Presiding Judge.

Frederick E. Swyters appeals from an order granting summary judgment against him and in favor of Motorola Employees Credit Union and CUNA Mutual Insurance Group in an action filed by the credit union on a promissory note signed by Swyters. Swyters impleaded CUNA, claiming coverage under a policy of credit disability insurance issued by CUNA. We find that the trial court correctly granted summary judgment in favor of the credit union because no

dispute exists that Swyters executed the note and then defaulted. We conclude that summary judgment in favor of CUNA was also proper because a policy exclusion barred coverage for Swyters's disability, which was a pre-existing condition. We therefore affirm the judgment.

Swyters began working for Motorola in the summer of 1994. Thereafter he suffered from depression, and in August 1995, he was placed on disability status by his physician. Beginning with his first visit to a psychologist, on August 1, 1995, he was diagnosed as depressed. His original diagnosis was "adjustment disorder with depressed mood." His condition worsened, and on October 18, 1995, that diagnosis was changed to "major depression."

Swyters remained on disability status until June 1996, when he returned to work. It is undisputed that he applied for a loan from the credit union and executed the note in issue on June 5, 1996. In conjunction with the note, Swyters elected to purchase single credit disability insurance.

Swyters's return to work was short-lived. After having an emotional crisis at his workplace, he was required by his employer to undergo a psychological evaluation on June 12, 1996. The evaluating psychiatrist again pronounced him disabled, diagnosing him as suffering from major depression. Swyters made a claim on CUNA for his disability insurance to cover the loan payments, but that claim was denied, and the credit union eventually brought this suit against Swyters on the note.

1. Swyters contends the trial court erred in granting summary judgment to the credit union and CUNA.

(a) Swyters's primary argument is based upon the doctrine of apparent agency. He asserts that credit union employees were dual agents, representing both the credit union and CUNA; that they were clothed with apparent authority; that they informed him he was required to purchase disability insurance before they would approve the loan; and that they told him if he made one payment on the loan, his disability coverage would make payment on the loan each succeeding month.[1]

Swyters admits, however, that when he signed the note he

---

[1] This contention appears to be based upon a letter to Swyters from the credit union's counsel dated May 16, 1997, answering his inquiry and explaining in general terms that disability payments never begin until the thirty-first day of disability, necessitating in all cases that at least one payment is required to be made by the insured, even if the disability begins the day after coverage commences. It does not appear to be, as Swyters argues, a letter assuring Swyters that in his particular case, his claim would, in fact, be approved if he made one payment on the loan. In any case, Swyters was aware that the credit union employees did not have authority to approve or disapprove his claim. In fact, his claim had already been denied by CUNA, and the denial is mentioned in his inquiry to the credit union.

received a copy of it. And under Swyters's signature, the note states clearly in boldface type: "Credit insurance is voluntary and not required in order to obtain this loan." Swyters also admits that he received a copy of the insurance certificate, which contains the same disclosure. The certificate also includes an unambiguous exclusion for pre-existing conditions. It excludes coverage for any disability within the first six months of the policy for any disease for which the insured had been treated within the six months immediately preceding the policy's effective date.

Swyters's argument regarding what the "agents" told him is unavailing. An insurance policy is a contract, and "[p]arties to a contract are presumed to have read their provisions and to have understood the contents. One who can read, must read, for he is bound by his contracts." (Citations and punctuation omitted.) *O'Brien Family Trust v. Glen Falls Ins. Co.*, 218 Ga. App. 379, 382 (3) (461 SE2d 311) (1995). Swyters testified on his deposition that he did not recall reading the note; no suggestion exists in the record that Swyters was unable to read. He therefore had a responsibility to read the policy. And statements Swyters claims were made to him orally by credit union employees that are in conflict with clear written provisions of the note or the certificate of insurance are inadmissible under the parol evidence rule. "An oral agreement between parties relating to a condition not expressed in a note is incompetent to change the contract as represented on its face. [Cits.]" *Discovery Point Franchising v. Miller*, 234 Ga. App. 68, 72 (2) (505 SE2d 822) (1998).

(b) Swyters also argues that CUNA is liable for payments under the credit disability insurance because his current disability is different from his original disability and therefore is not a pre-existing condition excluded under the policy. This argument is belied by the record. Although some features of Swyters's current disability may be slightly different, his treating psychologist testified on his deposition that he had not changed Swyters's diagnosis of major depression since October 18, 1995. The trial court correctly concluded that Swyters is liable on the note and is not entitled to disability benefits from CUNA.

2. The trial court also correctly concluded that Swyters's claim for tort damages against CUNA is without merit. If no liability is claimed except that arising out of a breach of the express terms of a contract, the action lies in contract alone; an action in tort will not lie. *Wells v. New York Life Ins. Co.*, 195 Ga. App. 79 (392 SE2d 251) (1990). Moreover, it is well established that an insurer's failure to pay benefits does not, as a matter of law, rise to the level of outrageous behavior required in a cause of action for intentional infliction of emotional distress. *Lincoln Nat. Life Ins. Co. v. Davenport*, 201 Ga. App. 175, 176 (410 SE2d 370) (1991).

3. Swyters's claim against CUNA for damages for bad faith also fails, since CUNA refused to pay the claim under a valid, applicable exclusion in the policy. "A refusal to pay in bad faith means a frivolous and unfounded denial of liability. If there are any reasonable grounds for an insurer to contest the claim, there is no bad faith." (Citations and punctuation omitted.) *Canal Ins. Co. v. Savannah Bank &c. Co.*, 181 Ga. App. 520, 524 (5) (352 SE2d 835) (1987).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JUNE 7, 2000.

*Saia & Richardson, Joseph J. Saia*, for appellant.

*Simpson Law Offices, J. Christopher Simpson, Tessa S. Burkey, Greene, Buckley, Jones & McQueen, Harold S. White, Jr., William D. Matthews*, for appellees.