A02A1454. BUILDER MARTS OF AMERICA, INC. v. GILBERT.
(572 SE2d 88)

MILLER, Judge.

Builder Marts of America, Inc. (BMA) appeals from the trial court's denial of its motion for summary judgment and the sua sponte grant of summary judgment to Alvin Gilbert, relieving Gilbert of his obligations as an alleged guarantor. On appeal BMA contends that the trial court erred in (1) concluding that the terms of a 1998 agreement between BMA and McLain's Building Materials, Inc. (McLain's) relieved Gilbert of his obligations as a guarantor, (2) granting summary judgment to Gilbert, sua sponte, without first giving BMA an opportunity to be heard, and (3) granting summary judgment to Gilbert following Gilbert's in judicio admissions that there were disputed issues of fact. We discern no error and affirm.

On appeal this Court reviews the grant or denial of a motion for summary judgment de novo, construing the evidence and all reason-

able inferences in favor of the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). Construed in this light, the record reveals that in 1987 McLain's entered into an agreement for the purchase of products from BMA. McLain's was also the listed dealer in a "Guaranty of Payment," wherein Gilbert was one of the guarantors. At the time of the agreement, Gilbert was an officer and stockholder in McLain's. The contract included the following language:

> [Gilbert] hereby guarantees payment of all present and future amounts which [McLain's] may owe BMA and all present and future extensions of credit, to [McLain's] by BMA. [Gilbert] agrees to make prompt payment of every present and future claim when due, without BMA being required to seek to collect any of such amounts from [McLain's], or any other party. This guaranty is continuing, remaining in full force and effect until written notice of its revocation is received by BMA, which revocation will be effective only as to claims of BMA arising out of transactions entered into [after] BMA's receipt of such notice. If Guarantor is an individual, his death will not revoke this guaranty. This guaranty covers the renewal of any claims against [McLain's] and will not be affected by any extension of time for payment granted by BMA, by any surrender, release or exchange by BMA of any security held by it for any claims guaranteed by this agreement or by any delay of BMA in the enforcement of payment of any claim against [McLain's or Gilbert]. Until claim is made thereon, [Gilbert] waives notice of any transaction entered into between BMA and [McLain's].

Gilbert resigned from the company in February 1992, and in July 1998, McLain's entered into a new dealer agreement with BMA. Gilbert was not listed as a guarantor on the new agreement. When certain invoices to McLain's became past due for January through March 2001, BMA sued Gilbert as one of McLain's guarantors under the new dealer agreement.

BMA moved for summary judgment. The trial court found that the 1998 agreement constituted a novation, which relieved Gilbert of all liability as a guarantor, and that Gilbert did not waive novation as a defense by the language in the 1987 agreement. The court accordingly granted summary judgment to Gilbert.

1. BMA argues that the trial court erred in concluding that the terms of the 1998 agreement were sufficient to effect a discharge of Gilbert, and in applying the rules of contract construction to find that

Gilbert did not waive notice of the new contract. We find these arguments to be without merit.

Under OCGA § 10-7-21, "[a]ny change in the nature or terms of a contract is called a 'novation'; such novation, without the consent of the surety, discharges him." There is no distinction between a surety and a guaranty. *Berkman v. Commercial Bank &c.*, 171 Ga. App. 890 (1) (321 SE2d 339) (1984). Here, the 1998 agreement changed the payment terms of the original 1987 contract by adding the requirement of late charges on unpaid balances, and costs and expenses of collection, including attorney fees.

"[A] surety or guarantor may consent in advance to a course of conduct which would otherwise result in his discharge." (Citations and punctuation omitted.) *Steiner v. Handler*, 229 Ga. App. 833, 836 (3) (495 SE2d 132) (1997). Additionally, "[w]henever the surety *expressly consents* in advance *to the change that is subsequently made*, it is clear that he should not be discharged. It may then correctly be said that he promises with reference to the new agreement, and is as much a party to it as if he had assented to it at the time it was made." (Citation and punctuation omitted; emphasis supplied.) *C & S Nat. Bank v. Scheider*, 139 Ga. App. 475, 476 (228 SE2d 611) (1976).

BMA cites *Steiner*, supra, for the proposition that Gilbert did in fact consent to the 1998 agreement. In *Steiner*, however, the original agreement stated that the undersigned consents to an extension, renewal, modification, or exchange of obligations, with or without notice. 229 Ga. App. at 835 (3). Here, no such express language exists in the 1987 contract that would obligate Gilbert as a guarantor in light of subsequent renewals or modifications of the original contract. Even though Gilbert agreed to guarantee "payment of all present and future amounts," he did not expressly consent to a renewal or modification of the original contract. Compare *Dunlap v. C & S DeKalb Bank*, 134 Ga. App. 893, 896 (4) (216 SE2d 651) (1975) (defendant sought discharge from contractual obligations where bank entered into subsequent note with defendant's daughter and her husband; but contract specifically stated that bank could alter, renew, or extend daughter's present or future liabilities without notifying the defendant).

Moreover, the only language in the 1987 agreement that waives notice states that *"[u]ntil claim is made thereon*, Guarantor waives notice of any transaction entered into between BMA and [McLain's]." (Emphasis supplied.) Not only does this provision fail to show that Gilbert expressly consented to a modification of the contract, it appears only to waive notice of any transaction for the purchase of goods by McLain's from BMA.

Therefore, we agree with the trial court that the 1998 contract

constituted a novation, thereby discharging Gilbert as guarantor, and that Gilbert did not consent in advance to its terms.

2. BMA argues that the trial court erred in sua sponte granting summary judgment to Gilbert without first giving BMA an opportunity to be heard. We disagree.

The trial court has authority to sua sponte grant summary judgment and can grant summary judgment to the nonmoving party. *Generali — U. S. Branch v. Southeastern Security Ins. Co.*, 229 Ga. App. 277, 278 (1) (493 SE2d 731) (1997). Such sua sponte grant of summary judgment, however, "must be proper in all other respects. This means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment." (Footnote omitted.) *Tidwell v. Tidwell*, 251 Ga. App. 863, 864 (554 SE2d 822) (2001).

Here, the record reveals that BMA had ample opportunity to respond to Gilbert's claim that the novation discharged him from the 1987 agreement, and did so thoroughly in a brief in support of its motion for summary judgment and in a post-hearing brief. Thus, BMA was not deprived of the opportunity to be heard. See *Solon Automated Svcs. v. Corp. of Mercer Univ.*, 221 Ga. App. 856, 859 (3) (a) (473 SE2d 544) (1996).

3. BMA argues that the sua sponte grant of summary judgment was improper because Gilbert admitted, in judicio, that there were disputed issues of material fact. It is well established that a party may make admissions in judicio in their pleadings, motions, and briefs. *O'Brien Family Trust v. Glen Falls Ins. Co.*, 218 Ga. App. 379, 381 (2) (461 SE2d 311) (1995). When such an admission is made, it is then binding on the party and estops the party from denying the admission. Id. "However, admissions in judicio apply only to facts in litigation. They do not apply when the admission is merely in the nature of the pleader's opinion as to fact or law." (Citations and punctuation omitted.) Id. Therefore, BMA's argument is without merit.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 8, 2002.

*Stokes, Lazarus & Carmichael, William K. Carmichael, David M. Lilenfeld*, for appellant.

*McNally, Fox & Grant, Patrick J. Fox*, for appellee.