DOTY COMMUNICATIONS, INC. d/b/a Southern Security, Inc. and Capital Hearing Services, Inc., Plaintiffs,

v.

L.M. BERRY & COMPANY and Bellsouth Advertising & Publishing Corporation, Defendants.

No. CIV.A. 1:04–CV–361–C.

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 26, 2006.

Order Correcting Decision Feb. 13, 2006.

Melvin Leroy Hewitt, Jr., Ryan Lance Isenberg, Isenberg & Hewitt, Atlanta, GA, for Plaintiffs.

James Francis Bogan, III, Kali Wilson Beyah, Stanley Andre Seymour, Kilpatrick Stockton, Atlanta, GA, for Defendants.

### ORDER

CHARLES A. PANNELL, JR., District Judge.

This matter is now before the court on the defendants' motion for summary judgment [Doc. No. 66].

### Factual Background

Guy Doty owns Doty Communications, Inc., a Mississippi corporation that sells communications equipment, including cellular phones. Mr. Doty also owns and operates Southern Security, a subsidiary of Doty Communications that sells home security equipment, and Capital Hearing Services, Inc., a company that sells hearing aids.

Defendant BellSouth Advertising and Publishing Corporation ("BAPCO") is a Georgia corporation that publishes the Yellow Pages and White Pages telephone directories and also provides other advertising services to businesses. Defendant L.M. Berry & Company is BAPCO's authorized sales agent.

In December 1999, Mr. Doty and BAPCO entered into several advertising contracts (the "Advertising Orders") whereby BAPCO agreed to place advertisements on behalf of Southern Security and Capital Hearing in its Yellow Pages directories throughout the state of Mississippi.

Several months later, Mr. Doty discovered that the Yellow Pages contained various errors and omissions. For instance, Mr. Doty learned that several of the directories listed the wrong address for Capital Hearing. Similarly, some of the advertising for Southern Security stated "ADT Security Systems" instead of "ADT Security Systems—Authorized Agent." In addition, Mr. Doty noted that several of the Yellow Pages directories did not contain any advertisements at all for either Capital Hearing or Southern Security.

The defendants investigated and confirmed that there were errors and omissions in certain of the plaintiffs' advertisements. Although the defendants offered to abate the advertising charges for Capital Hearing and Southern Security, the parties were unable to reach a mutually-acceptable resolution of the issue.[1]

Nevertheless, after receiving assurances from the defendants that the advertisements would be corrected, on February 26, 2001, Mr. Doty entered into identical Advertising Orders with BAPCO for the

---

1. It is undisputed that the plaintiffs have not paid for any advertising since 2000, including advertising that appeared correctly in the Yellow Pages.

2001–2002 publication year. Again, Mr. Doty encountered the same errors and omissions that occurred in the 2000–2001 Yellow Pages directories. This suit followed.

In their complaint, the plaintiffs claim that the errors and omissions made by BAPCO in its Yellow Pages directories constitute breach of contract, breach of express and implied warranties of merchantability, and gross negligence. The plaintiffs seek to recover lost profits, attorney's fees, and punitive damages.

### Legal Analysis

A. *The Standard for Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment bears the burden of demonstrating that no dispute as to any material fact exists. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 156, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. *See Bradbury v. Wainwright,* 718 F.2d 1538, 1543 (11th Cir. 1983).

Once the moving party has adequately supported its motion, the nonmoving party then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

When deciding a summary judgment motion, the court's function is not to resolve issues of material fact, but rather to determine whether there are any such issues to be tried. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The applicable substantive law will identify those facts that are material. *Id.* at 248, 106 S.Ct. at 2510. Facts that are disputed, but which do not affect the outcome of the case, are not material and thus will not preclude the entry of summary judgment. *Id.*

Genuine disputes are those by which the evidence is such that a reasonable jury could return a verdict for the non-movant. *See id.* In order for factual issues to be "genuine," they must have a real basis in the record. *See Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356. "When the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citations omitted).

B. *Application of the Standard to the Instant Case*

1. *Gross Negligence*

The plaintiffs first assert a gross negligence claim against the defendants, alleging that the defendants omitted their advertisements from a number of directories, failed to publish the proper address for Capital Hearing, failed to provide complete proofs, failed to indicate that Southern Security was an authorized agent of ADT Security Systems, and failed to follow through on their promise to correct the errors before publication. The defendants, however, argue that summary judgment is warranted on this claim because BAPCO's alleged conduct does not give rise to a tort claim against the defendants.

■ The plaintiffs cannot assert a claim for gross negligence against the defendants based solely on the defendants' breach of their obligations under the Advertising Orders. *See Integrated Pest Management Services, LLC v. BellSouth Advertising & Publishing Corp.*, No. 1:04–CV–2880, 2005 WL 3096131 at * 4 (N.D.Ga. Nov. 16, 2005); *Swyters v. Motorola Employees Credit Union*, 244 Ga.App. 356, 535 S.E.2d 508, 510 (2000) ("If no liability is claimed except that arising out of breach of the express terms of the contract, the action lies in contract alone; an action in tort will not lie."). "A defendant's mere negligent performance of a contractual duty does not create a tort cause of action; rather, a defendant's breach of contract may give rise to a tort cause of action only if the defendant also breached an independent duty created by statute or common law." *Wallace v. State Farm Fire & Casualty Co.*, 247 Ga.App. 95, 539 S.E.2d 509, 512 (2000). In this case, the plaintiffs have not identified any independent duty created by statute or common law that the defendants breached. Accordingly, summary judgment on the plaintiffs' gross negligence claim is warranted.

2. *Breach of Contract and Breach of Express and Implied Warranties of Merchantability*

■ The plaintiffs also assert claims against the defendants for breach of contract and breach of express and implied warranties of merchantability. The defendants do not dispute that their errors and omissions constitute a breach of the Advertising Orders. Instead, the defendants argue that summary judgment is warranted on the plaintiffs' claims because the plain language of the Advertising Orders precludes the plaintiffs from recovering any damages resulting from the breach. Specifically, the defendants argue that the limitation of liability clause in the Advertising Orders precludes recovery of damages other than the cost of the advertisements. Since it is undisputed that the plaintiffs never paid for the advertisements, the defendants argue that the plaintiffs are not entitled to any damages.

The Advertising Orders contemplate erroneous and omitted directory entries. Paragraph 10 of the Advertising Orders contains a "limitation of liability" clause that states:

You acknowledge that: (1) this is a commercial business transaction; (2) alternative and compelling advertising media are available to you; (3) occasional errors, omissions, and misplacements in Advertising may occur in our directories and may not be corrected until the next issue; (4) any potential harm from an error, omission, or misplacement is speculative in nature; (5) we cannot offer advertising at rates which reflect the revenue and profit which you may obtain from the advertising; and (6) we assume no responsibility other than as contained in these terms and conditions. THEREFORE, UNLESS OTHERWISE AGREED AS MAY BE PROVIDED ON THE REVERSE, IN WRITING, FOR MUTUAL CONSIDERATION YOU AGREE THAT ANY LIABILITY WHICH WE MAY HAVE DUE TO ERRORS, OMISSIONS OR MISPLACEMENTS IN YOUR ADVERTISING SHALL NOT EXCEED THE AMOUNT OF THE CHARGES FOR THE ADVERTISING IN WHICH THE ERROR, OMISSION OR MISPLACEMENT OCCURRED. OUR LIABILITY SHALL BE DISCHARGED BY ABATEMENT OF ALL ADVERTISING CHARGES FOR ANY COMPLETE OMISSION, OR BY REDUCTION OF YOUR CHARGES FOR ANY ERROR OR MISPLACEMENT IN PROPORTION TO ANY REDUCTION OF VALUE OF THE

ADVERTISING DUE TO THE ER-ROR OR MISPLACEMENT.

(Capitalization in original).

■ Limitations of liability clauses such as the one contained in Paragraph 10 of the Advertising Orders are enforceable under Georgia law unless the defendants' conduct gives rise to a tort claim for gross negligence or wanton or willful conduct. *See Elliott Irrigation v. L.M. Berry & Co.,* No. 1:03–CV–2776, 2005 WL 628128 at * 2 (N.D.Ga. March 14, 2005) (holding that an identical or nearly identical limitation of liability clause was valid and enforceable under Georgia law); *cf. Swyters v. Motorola Employees Credit Union,* 244 Ga.App. 356, 535 S.E.2d 508, 510 (2000). As noted earlier in the order, the plaintiffs have not identified any independent duty created by statute or common law that the defendants breached. The defendants' conduct, therefore, does not give rise to a tort claim for gross negligence or wanton or willful conduct. Thus, the limitation of liability clause is valid and enforceable.

■ The plaintiffs argue, however, that the plain language of the limitation of liability clause applies only when the defendants' errors and omissions are "occasional." As support for this argument, the plaintiffs rely on language in the introductory portion of Paragraph 10, which states, "[D]oty acknowledges ... occasional errors, omissions, and misplacements in Advertising may occur in [BAPCO's] directories and may not be corrected until the next issue."

The plaintiffs' argument impermissibly strains the plain language of the Advertising Orders. The operative language of the limitation of liability clause does not restrict itself to occasional errors. Instead, it unambiguously states that BAPCO's liability for "ERRORS, OMISSIONS OR MISPLACEMENTS" shall not exceed the amount of the charges for the advertisements. The operative language of the limitation of liability clause does not, therefore, support the plaintiffs' argument. The court's conclusion, moreover, is bolstered by the language appearing above the signature block, which states that "LIABILITY FOR ERRORS AND/OR OMISSIONS IS LIMITED." Once again, there is no requirement that the errors be occasional.

Because the limitation of liability clause is valid and enforceable and it is undisputed that the plaintiffs did not pay for the advertising at issue, the plaintiffs are not entitled to damages and summary judgment is appropriate.[2]

### 3. *Punitive Damages*

The plaintiffs admit that the "evidence adduced during discovery does not give rise to a claim for punitive damages under Georgia law" [Doc. No. 67 at 17]. The defendants, therefore, are entitled to summary judgment on the plaintiffs' claim for punitive damages.

### *Conclusion*

For the reasons set forth above, the court GRANTS the defendants' motion for summary judgment [Doc. No. 66]. The granting of this motion for summary judgment disposes of all issues pending in this case. Accordingly, the clerk may issue judgment in favor of the defendants and against the plaintiffs and close the file.

### *ORDER*

This Court having considered Defendant BellSouth Advertising & Publishing Corporation's ("BAPCO's") Unopposed Motion

---

**2.** Because the court finds that the limitation of liability clause applies, there is no need for the court to determine whether the plaintiffs' claim fails due to the absence of non-speculative lost profits damages caused by BAPCO's errors and omissions.

to Correct Record and Reinstate Counterclaims, and being advised that Plaintiffs have no objection to the relief sought by BAPCO in this motion, IT IS HEREBY:

ORDERED and ADJUDGED that the January 26, 2006 Order is by this Order corrected to dismiss Plaintiffs' affirmative claims only, the Judgment entered by the clerk January 26, 2006 is hereby set aside, and BAPCO's counterclaims are hereby reinstated and are now pending this action.