A09A2317. SAPP et al. v. CANAL INSURANCE COMPANY.
(688 SE2d 375)

JOHNSON, Presiding Judge.

Pamela and Floyd Sapp filed a lawsuit against David Lamb and his employer, Entra Demond Blackmon d/b/a EDB Trucking, for injuries allegedly arising out of a motor vehicle collision between a vehicle driven by Pamela Sapp and a dump truck driven by Lamb while working for Blackmon. Canal Insurance Company, the insurer for Lamb and Blackmon, filed this declaratory judgment action to

---

resolve the insurance coverage issues and to obtain a court declaration of its rights and obligations. The trial court granted summary judgment to Canal, finding that Canal did not have any liability for the collision. The Sapps appeal. We find no error and affirm the trial court's grant of summary judgment.

It is undisputed that Endorsement E-5 to the automobile liability policy issued by Canal, entitled "LIMITATION OF USE," specifically limits the policy coverage to a 50-mile radius from the listed garage location in Tifton, Georgia. This 50-mile radius limitation is also listed on the policy declarations page. The limitation of use endorsement states, "In consideration of the premium charged for policy to which this endorsement is attached, it is understood and agreed that insurance applies only while the respective vehicles are operated within the radius indicated for each vehicle." It then lists the vehicle as a Kenworth dump truck, the garage location as Tifton, Georgia, and the radius as 50 miles. The endorsement continues:

> It is further agreed that the radius is measured from the garage location indicated on this endorsement for each vehicle and that no vehicle is covered if operated beyond its radius, whether as a substitute vehicle for another vehicle described in this policy or otherwise. It is expressly understood and agreed that occasional trips beyond the radius specified are not permitted.

It is further undisputed that Blackmon, the named insured in the Canal policy, received a reduction in his insurance policy premiums because of the policy limitation of use endorsement. And it is undisputed that the motor vehicle collision at issue in this lawsuit occurred while the listed dump truck was well outside the 50-mile radius measured from the garage location in Tifton. Based on the clear language of the exclusion at issue here, the Canal insurance policy did not cover this incident.

In an attempt to avoid the exclusion, the Sapps and Blackmon, who filed an amicus brief, argue that the radius restriction is unenforceable because Blackmon was a "motor carrier" and the Canal insurance policy was a "motor carrier policy" subject to minimum liability limits. However, they fail to provide any evidence in support of this argument. The Sapps do not show that Blackmon was ever properly certificated or permitted as a motor carrier in the State of Georgia,[1] or that the Canal insurance policy contains a

---

[1] Before any motor carrier of property shall operate any motor vehicle in Georgia, the carrier must first secure a proper permit or certificate from the state revenue commissioner.

"Form F" endorsement to bring the policy under the motor carrier statutory provisions.[2] In short, the record is devoid of any evidence showing that the Canal insurance policy was issued as a motor carrier policy. In addition, without a transcript of the motion for summary judgment hearing, we cannot determine whether evidentiary submissions, stipulations, or statements in place by counsel were tendered at the hearing, we must assume the trial court had an adequate basis for its findings, and we must affirm the trial court's express or implicit rulings.[3]

Even GEICO General Insurance Company, the Sapps' uninsured/underinsured motor vehicle insurance carrier, which filed an amicus brief in this case, recognizes that the insured vehicle is not a motor carrier governed by statute and regulated by the Public Service Commission. However, GEICO argues that public policy considerations require this Court to consider whether the 50-mile radius exclusion is too small to be found acceptable. We find the exclusion acceptable in the present case. The parties contracted for this exclusion, the exclusion is not prohibited by statute or public policy, and the Sapps still have access to their uninsured/underinsured coverage if we uphold the exclusion. Radius restrictions in other cases, while not as narrow as the one at issue in this case, have previously been upheld under Georgia law.[4]

In another attempt to avoid the exclusion, Blackmon argues that he "purchased the policy of insurance without being told of any radius exclusion." Essentially, he maintains that the exclusion cannot apply because he did not know about it. However, this fact does not void the restriction. There is no evidence in the record indicating that Blackmon cannot read, and parties to an insurance contract are presumed to have read the contract's provisions and to have understood its contents.[5] "One who can read, must read, for he is bound by his contracts."[6] And "[c]ompetent parties are free to choose, insert, and agree to whatever provisions they desire in a contract, including insurance contracts, unless prohibited by statute

See OCGA §§ 46-1-1 (11), (13); 46-7-3; and 46-7-15.1 (subsequently repealed after the collision at issue in this case); Rule 515-16-10-.06 of the Transportation Rules of the Georgia Public Service Commission.

[2] See *Ross v. Stephens*, 269 Ga. 266, 268-269 (496 SE2d 705) (1998).

[3] See *Tullis Developments v. 3M Constr.*, 282 Ga. App. 335, 339 (2) (638 SE2d 787) (2006); *St. Paul Reinsurance Co. v. Ross*, 276 Ga. App. 135, 139 (1) (622 SE2d 374) (2005) (transcript of summary judgment hearing essential in this case to determine whether exclusion applied).

[4] *Florida Intl. Indem. Co. v. Guest*, 219 Ga. App. 222, 225 (464 SE2d 847) (1995) (150-mile radius restriction upheld); *Canal Ins. Co. v. Aldrich*, 489 FSupp. 157 (S.D. Ga. 1980) (300-mile radius restriction upheld).

[5] *Payne v. Middlesex Ins. Co.*, 259 Ga. App. 867, 868 (578 SE2d 470) (2003).

[6] (Citations and punctuation omitted.) Id.

or public policy."[7]

Blackmon also claims Canal committed fraud because its employees misled him about the contents of the insurance policy. However, these allegations of fraud are not supported by the record on appeal. Allegations of fact appearing only in appellate briefs and unsupported by evidence in the record will not be considered on appeal.[8] And, statements Blackmon claims were made to him orally by Canal employees that are in conflict with the clear written provisions of the insurance policy are inadmissible under the parol evidence rule.[9]

The trial court did not err in granting Canal Insurance Company's motion for summary judgment.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED DECEMBER 11, 2009 — 

*Watkins, Lourie, Roll & Chance, Lance D. Lourie, Stephen R. Chance*, for appellants.

*Gilliland, Ratz & Browning, Charles A. Ratz, Robert W. Browning, Spurlin & Spurlin, John C. Spurlin, McCall, Williams, Wilmot & Powell, Robert C. Wilmot, William H. Hedrick*, for appellee.

---

[7] (Citation and punctuation omitted.) *Florida Intl. Indem. Co.*, supra at 225.

[8] See *Hallisy v. Snyder*, 219 Ga. App. 128, 129 (2) (464 SE2d 219) (1995).

[9] See *Swyters v. Motorola Employees Credit Union*, 244 Ga. App. 356, 358 (1) (a) (535 SE2d 508) (2000).

