[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16457
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-03231-ODE


WILBUR JACKSON,

                                                    Plaintiff-Appellant,

versus

PEERLESS INSURANCE COMPANY,
SAFECO INSURANCE,
LIBERTY MUTUAL GROUP,
MONTGOMERY MUTUAL INSURANCE COMPANY,

                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 17, 2013)

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Wilbur Jackson appeals the summary judgment in favor of Peerless Insurance Company, and its sister companies, Safeco Insurance, Liberty Mutual Group, and Mutual Insurance Company, and against Jackson's complaint of breach of contract and bad faith.  Jackson purchased from Peerless an insurance policy for a house in Atlanta, Georgia, and approximately five months later, when the house burned, Peerless denied coverage.  The district court ruled that two material misrepresentations in Jackson's application rendered the contract of insurance void ab initio.  We affirm.

Under Georgia law, which the parties agree applies, a misrepresentation in an application for insurance "prevent[s] a recovery under the policy or contract" if the falsity was "[m]aterial either to the acceptance of the risk or to the hazard assumed by the insurer; or . . . [t]he insurer in good faith would not have issued a policy or contract . . . if the true facts had been known to the insurer as required . . . by the application for the policy . . . ." Ga. Code Ann. §  33-24-7(b)(2), (3).  "[A] material misrepresentation is one that would influence a prudent insurer in determining whether or not to accept the risk." Jennings v. Life Ins. Co. of Ga., 441 S.E.2d 479, 481 (Ga. Ct. App. 1994) (internal citation and quotation marks omitted).  The issue of materiality may "be resolved as a matter of law . . . where the evidence excludes every reasonable inference except that it is material."

2

Georgia Farm Bureau Mut. Ins. Co. v. Richardson, 457 S.E.2d 181, 184 (Ga. Ct. App. 1995).

Peerless and its sister companies were entitled to summary judgment because the record establishes that Jackson made two material misrepresentations in his application for insurance. First, Jackson's application misrepresented that the house was his primary residence. Jackson admitted in his deposition that, during the five month period he possessed the house, he slept there only ten nights and was joined once by his wife, but never by his two children. Jackson's misrepresentation was material because the underwriting guidelines of Peerless and an affidavit of its underwriting manager establish, without dispute, that Peerless would not have issued Jackson a policy for a residence that he had never occupied. Second, Jackson misrepresented in his application that he had an existing insurance policy on the property. Jackson later admitted in his deposition that he did not have insurance for the property when he applied for the policy. Jackson's misrepresentation in his application was material because the undisputed evidence established that Peerless would not have issued a policy covering Jackson's house because it had a lapse in insurance coverage.

Jackson faults Peerless for the misrepresentations in the application, but Jackson is bound by his signature that verified he had "read the above application

3

and any attachments" and "declared that the information provided in them [was] true, complete and correct to the best of [his] knowledge and belief." See Jennings, 441 S.E.2d at 480–81.  And Jackson's claim of bad faith fails because "[i]f there are any reasonable grounds for an insurer to contest the claim, there is no bad faith." Swyters v. Motorola Emps. Credit Union, 535 S.E.2d 508, 510 (Ga. Ct. App. 2000) (internal quotation marks omitted).

We **AFFIRM** the summary judgment in favor of Peerless, Safeco, Liberty Mutual, and Montgomery Mutual.