[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12774
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-00075-WLS

LOREN MITCHELL,

Petitioner-Appellant,

versus

WARDEN DANNIE THOMPSON,
in his individual and official capacity,
DEPUTY WARDEN JOSE MORALES,
in his individual and official capacity,
CHRISTINE CROSS,
Deputy Warden of Care & Treatment/Grievance Coordinator,
in her individual and official capacity,
WILLIAM HUGHES SATTERFIELD,
Medical Director, in his individual and official capacity,
DWAYNE MELVIN AYERS,
Licensed Physician, in his individual and official capacity,
LARRY EDWARDS,
Physician's Assistant, in his individual and official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 25, 2014)

Before HULL, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Loren Mitchell, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim for relief.  We affirm.

## I.

In August 2010, Mitchell signed and mailed a recast § 1983 complaint against six defendants associated with Calhoun State Prison ("CSP"), specifically, Dannie Thompson, previously the Warden of CSP; Jose Morales, the Deputy Warden of Security and Safety; Christine Cross, the Deputy Warden of Care and Treatment and the Grievance Coordinator; William Satterfield, the Medical Director; Dr. Dwayne Ayers; and Larry Edwards, a Physician's Assistant (collectively "the defendants").  On the evening of June 24, 2008, Mitchell alleged he slipped on a puddle of water, fell, and injured his left ankle, back, and neck. Mitchell further alleged he had not received a response to a medical-request form he had filed with a nurse, and he had filed a grievance in June 2008 "to receive emergency medical attention from a doctor," but the request was rejected by Cross. Mitchell claimed Cross showed deliberate indifference to his medical need by rejecting his grievance.  Mitchell later filed two grievances against Cross to have her refrain from harassment and retaliation against him; these grievances were not resolved.  Mitchell alleged he was interviewed by Edwards at the medical unit, but

2

Edwards had failed to provide him with a brace for his neck and back or stronger pain medication, before Edwards knew he had sustained a brake.

In October 2008, Mitchell alleged he received Magnetic Resonance Imaging scans on his left ankle, back, and neck; these scans revealed he had a broken left ankle and fibula. In November 2009, Mitchell was seen by an Atlanta doctor, who ordered surgery on Mitchell's ankle. As of the filing of the complaint, Mitchell was wearing an aircast, using crutches, wearing a back brace, and awaiting surgery for his back. Despite "begging" for help regarding his injuries, Mitchell contends Dr. Ayers and Satterfield failed to provide him with adequate and timely treatment, which would have ended his pain and suffering during his incarceration at CSP. Mitchell also raised claims of deliberate indifference against Morales and Thompson.

Without requiring a response from the defendants, the magistrate judge issued a report and recommendation in September 2010 ("2010 R&R") that recommended Mitchell's claims of retaliation and deliberate indifference to his serious medical needs not be dismissed at that stage in the proceeding. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the defendants moved to dismiss Mitchell's claims of retaliation and deliberate indifference. Mitchell requested Thompson and Morales be dismissed from the case without prejudice and otherwise argued the defendants' motion to dismiss should be denied.

3

In July 2011, Mitchell filed a motion to amend his complaint and alleged Cross retaliated against him for filing grievances related to his lack of medical treatment by transferring him from CSP to Georgia State Prison ("GSP") in February 2009. Mitchell also filed a motion requesting the court to order the court reporter, who recorded Mitchell's deposition, to sell him an audio recording of his deposition ("motion for an audio recording"), because the transcription of the deposition with which the defendants provided him was incorrect. Finally, Mitchell filed a motion to recuse the magistrate judge ("recusal motion"), whom Mitchell contended had (1) improperly allowed the defendants to continue discovery after the deadline for completing discovery had expired by allowing Cross to file responses to his interrogatories after that deadline, and (2) granted the defendants an extension of time to file a summary judgment motion without allowing Mitchell an opportunity to respond.

In a report and recommendation filed in November 2011 ("2011 R&R"), the magistrate judge recommended granting Mitchell's motion to dismiss Thompson and Morales from the case without prejudice. The magistrate judge also recommended denying Mitchell's motion to amend his complaint. If Mitchell were allowed to amend his complaint at this stage in the proceeding, the magistrate judge determined Cross would be put to unnecessary trouble and expense, because she had filed a motion to dismiss. The magistrate judge found granting the motion

4

to amend would cause unnecessary delay and prejudice.  The magistrate judge also determined the amendment to the claim against Cross would be futile, because the proposed claim failed to state a claim upon which relief could be granted.

Examining the allegations against Cross in the recast complaint and Mitchell's motion to amend, the magistrate judge determined Mitchell had not shown that Cross had retaliated against him for filing grievances by transferring him to a different prison, because Mitchell had never alleged any facts that showed Cross was responsible for the transfer or had transferred him for filing grievances. To the extent that Mitchell alleged Cross retaliated against him by denying his grievances, his allegations were insufficient to state a claim for relief.  Although Mitchell claimed that Dr. Ayers and Satterfield were deliberately indifferent to his serious medical needs, the magistrate judge determined he had not shown that Dr. Ayers and Satterfield subjectively were aware of Mitchell's medical needs.  Thus, Mitchell had failed to state a claim against Dr. Ayers and Satterfield.  The magistrate judge determined Mitchell's allegations against Edwards showed only that he had exercised poor medical judgment, which is not an actionable claim under § 1983.  Consequently, the magistrate judge recommended the claims of retaliation and deliberate indifference be dismissed.

Regarding Mitchell's motion for an audio recording, the magistrate judge noted he was not relying on Mitchell's deposition testimony concerning the

5

defendants' motion to dismiss; therefore, Mitchell's motion was moot. The magistrate judge determined Mitchell's arguments in his recusal motion lacked merit and recommended the motion be denied. Mitchell subsequently filed objections to the magistrate judge's R&R.

On March 30, 2012, the district court adopted the 2010 and 2011 R&Rs in two separate orders. In the first order, the court adopted the 2011 R&R and overruled Mitchell's objections. The court granted the defendants' motion to dismiss, dismissed without prejudice Morales and Thompson, and denied the motion for an audio recording and the recusal motion. In the second order, the court adopted the 2010 R&R and stated all of Mitchell's claims were dismissed, except for his retaliation and deliberate indifference claims, which could proceed.

The district court clerk entered judgment dismissing Mitchell's action in its entirety. Mitchell filed a motion to reinstate his claims for retaliation and deliberate indifference, because of the court's second order. The court denied the motion to reinstate and stated its order addressing the 2010 R&R in no way resuscitated Mitchell's retaliation and deliberate indifference claims, which were dismissed in the court's order adopting the 2011 R&R.

## II.

We review de novo a district court's grant of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, accept the

6

complaint's allegations as true, and construe them in the light most favorable to the plaintiff. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). To survive dismissal for failure to state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citation, internal quotation marks, and alterations omitted).

We review a district court's denial of a motion for leave to amend a pleading for abuse of discretion, but we review de novo the underlying legal conclusion that an amendment to the complaint would be futile. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1336 (11th Cir. 2010). Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading only with the opposing party's written consent or the court's leave, if a Federal Rule of Civil Procedure 12(b) motion has been filed. Fed. R. Civ. P. 15(a). Although Rule 15(a)(2) instructs that leave of the court to amend pleadings should be given freely, when justice so requires; a district court may deny a motion to amend on "numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (citation and internal quotation marks omitted). Although we give liberal construction to the

7

pleadings of pro se litigants, we nevertheless require them to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

### A.

On appeal, Mitchell argues the district court should not have dismissed his retaliation claim against Cross because CSP's medical staff acted under her command, and she answered the grievances Mitchell filed against her. Mitchell asserts Cross transferred him to another prison in retaliation for the grievances he filed, because it was better to "'get rid of the problem than fix it.'"[1]

For a prisoner to state a First Amendment retaliation claim under § 1983, the prisoner must establish (1) his speech was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal connection between the retaliatory actions and the adverse effect on the speech. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008). A prisoner's filing of a grievance concerning the conditions of his imprisonment is protected speech under the First Amendment. *See id.* To prevail, the adverse action that the prisoner suffers as a result of the prison official's alleged retaliation must be such that it "would likely deter a person of ordinary firmness from engaging in such speech." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

---

[1] Mitchell also asserts "the records" of Cross are filled with discrepancies and perjury. To the extent he is referring to Cross's interrogatory responses, the district court did not rely on the responses in dismissing Mitchell's complaint.

"The causal connection inquiry asks whether the defendants were subjectively motivated to discipline because [the prisoner] complained of some of the conditions of his confinement." *Id.* at 1278.

The district court properly denied Mitchell's motion to amend because such an amendment would be futile. In Mitchell's motion to amend, he alleged Cross transferred him to GSP, because he had filed grievances. Mitchell never alleged specific facts in his motion to amend showing Cross subjectively was motivated to transfer him because of filing the grievances to demonstrate, if his allegations were true, he would be entitled to relief on this claim. *See id.* Although Mitchell appears to assert Cross transferred him, because "'[i]t is better to get rid of the problem than fix it,'" he has never alleged Cross made this statement, and he did not include this statement in his motion to amend.

Mitchell also alleges Cross retaliated against him, when she denied his grievances. This allegation fails to state a claim for relief, because it does not show Mitchell suffered an adverse action that likely would deter a person of ordinary firmness from engaging in such speech. *See id.* at 1276. Mitchell continued to file grievances against Cross, even after she had denied his first grievance, which illustrates that a person of ordinary firmness would likely not be deterred from engaging in such speech.

B.

9

Mitchell argues Dr. Ayers and Satterfield were deliberately indifferent to his serious medical needs, when they failed to provide him with the treatment he needed. He argues that discovery, consisting of medical documents Dr. Ayers and Satterfield had signed, will show "just how much . . . they knew of [Mitchell's] medical conditions." Because Dr. Ayers and Satterfield decided what medical treatment an inmate received, Mitchell contends they personally participated in the deprivation of his rights. Mitchell also argues Edwards was in a position to provide him with proper medical care. He claims Cross was deliberately indifferent to his serious medical needs, because she failed to ensure he received surgery. Mitchell alleges Thompson and Morales were deliberately indifferent to his serious medical needs, because they "acted with no concern" regarding his letters, grievances, and medical requests. Finally, Mitchell argues the district court clerk improperly entered a judgment dismissing his retaliation and deliberate indifference claims, because the district court had previously ordered those claims should proceed.

The Eighth Amendment forbids "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has interpreted the Eighth Amendment to include "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). "To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must

10

show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).  A plaintiff can demonstrate deliberate indifference by establishing the defendant (1) had a subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) engaged in conduct that is more than mere negligence.  *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

In this case, Mitchell does not challenge the district court's determination he failed to state a claim of deliberate indifference against Edwards, because his allegations did not show that Edwards displayed conduct that went beyond gross negligence.  Accordingly, this argument is abandoned.  *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994).

Based on the allegations in his complaint alone, Mitchell failed to state a claim of deliberate indifference against Dr. Ayers and Satterfield, because he did not allege any facts showing Dr. Ayers and Satterfield had subjective knowledge of a risk of serious harm to him.  *See Brown*, 387 F.3d at 1351.  Mitchell raised several additional allegations in his response to the defendants' motion to dismiss and in his appellate brief, but he never sought to amend his complaint to add these allegations.  *See* Fed. R. Civ. P. 8; Fed. R. Civ. P. 15(a).  We do not consider these additional allegations, because Mitchell failed to raise them properly in the district

court.  Even if Mitchell had amended his complaint to add these allegations, he still failed to state a claim of deliberate indifference against Dr. Ayers and Satterfield because these allegations do not contain specific facts showing they had subjective knowledge of a risk of serious harm to Mitchell.  *See Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003).

Mitchell appears to argue on appeal that he raised a claim of deliberate indifference against Cross in his complaint.  Despite the district court's not considering such a claim, any claim of deliberate indifference against Cross should have been dismissed, because Mitchell's allegations in his complaint do not show that Cross had subjective knowledge of a serious risk of harm to him.  *See id.*  We do not consider the merits of any deliberate indifference claim against Morales and Thompson; the district court never addressed this claim, because Mitchell explicitly stated that they should be dismissed from the case.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

In adopting both the 2010 R&R and the 2011 R&R, the district court dismissed Mitchell's complaint in its entirety.  The district court since has clarified its order adopting the 2010 R&R in no way resuscitated the retaliation and deliberate indifference claims that were dismissed in the court's order adopting the 2011 R&R.  Therefore, the district court did not err in dismissing Mitchell's claims of deliberate indifference.

III.

Mitchell argues the magistrate judge improperly allowed the defendants to engage in "piecemeal litigation," which was abusive and overly complex.  He further argues the magistrate judge did not allow him to respond to "a number" of the defendants' motions and never "ruled on" Mitchell's response opposing the defendants' motion for an extension of time to file a summary judgment motion. He asserts the defendants failed to file a timely motion for summary judgment.  He also asserts he received responses to interrogatories from Cross after the discovery deadline, and the magistrate judge's statement that he did not know of this untimely filing was unbelievable.  Mitchell argues the magistrate judge should have recused himself because he was personally biased and prejudiced against him.

A district court's refusal to recuse is reviewed for an abuse of discretion. *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).  Under 28 U.S.C. § 144, where a party to a proceeding in district court files an affidavit that the judge before whom the matter is pending has a personal bias or prejudice in favor of any adverse party, a judge shall proceed no further with respect to the proceeding.  *Id.* To warrant recusal, the moving party must allege facts that would convince a reasonable person that bias actually exists.  *Id.*  Under 28 U.S.C. § 455, a judge must disqualify himself in any proceeding in which his impartiality reasonably

13

might be questioned or where he has a personal bias or prejudice concerning a party. *Id.*

The district court did not abuse its discretion in denying Mitchell's recusal motion. First, it is unclear what Mitchell means when he argues "piecemeal" litigation should not have occurred. To the extent he contends his claims should have been directly routed to trial before a jury, and not resolved by way of the defendants' Rule 12(b)(6) motion, his argument is without merit. The Federal Rules of Civil Procedure specifically provide that a complaint may be dismissed, when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To the extent Mitchell argues he was not afforded a response to the defendants' motion to extend the time for filing a summary judgment motion, he did respond to that motion. The magistrate judge further stated he had considered Mitchell's opposition to the defendants' motion for an extension, but he nevertheless decided an extension was warranted. Regarding Cross's providing Mitchell with her responses to his interrogatories after the close of discovery, the magistrate judge did not know of Cross's action at the time she provided her responses to Mitchell, and the magistrate judge did not approve of that action in any way.

Mitchell has alleged no facts that would convince a reasonable person that bias actually existed, such that his recusal motion should have been granted. *See*

14

*Christo*, 223 F.3d at 1333.  The magistrate judge also was not required to recuse himself *sua sponte*, because nothing in the record shows that his impartiality could reasonably be questioned or that he had a personal bias or prejudice concerning a party.  *See id.*

## IV.

Mitchell argues the district court improperly denied his motion for an audio recording, because he had a right to request a copy of the recording of his deposition and a right to object to errors in the transcript of his deposition.  He asserts the defendants had forwarded him a "miniscript" of his deposition, but the testimony set forth in the document was not his and was "chopped up."  He also asserts he is entitled to the audio recording of his deposition under 5 U.S.C. § 552(a)(3), O.C.G.A. § 17-8-5, and Federal Rule of Civil Procedure 30.

Any error in the transcript of Mitchell's deposition was harmless, since he cannot show that an error affected his substantial rights, because the district court did not rely on his deposition testimony in dismissing his complaint.  *See* Fed. R. Civ. P. 61 (providing the court must disregard all errors and defects that do not affect any party's substantial rights).  Neither 5 U.S.C. § 552(a)(3) nor O.C.G.A. § 17-8-5 supports Mitchell's claim that he was entitled to an audio recording of his deposition.  Section 552 requires a federal agency to make available public information by providing the record in any form or format requested by a person.

15

5 U.S.C. § 552(a)(3).  The language of that statute, however, is applicable only to an agency holding public information, and the definition of an "agency" does not include the private court reporter, who transcribed Mitchell's deposition.  *See* 5 U.S.C. § 551(1).  Additionally, § 17-8-5 applies only in criminal proceedings and has no relevance in a federal civil action under § 1983.  O.C.G.A. § 17-8-5.  Although Federal Rule of Civil Procedure 30(f)(3) requires a court reporter to furnish a copy of the transcript or recording to any party when paid reasonable charges, Mitchell was provided the information concerning how to obtain his own copy by the defendants.

**AFFIRMED.**