**FOURTH DIVISION**
**PHIPPS, C.J.**
**DOYLE, P. J., and MILLER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 8, 2014**

# In the Court of Appeals of Georgia

A14A0131. BAC HOME LOANS SERVICING, L. P. f/k/a COUNTRYWIDE HOME LOANS SERVICING, L. P. v. WEDEREIT.

MILLER, Judge.

Brian Wedereit filed suit against BAC Home Loans Servicing, L. P. f/k/a Countrywide Home Loans Servicing, L. P. and Bank of America, N. A. ("BAC") for breach of contract and wrongful foreclosure after BAC foreclosed on his home in Grovetown. BAC appeals from the trial court's partial grant of summary judgment to Wedereit on his claim for breach of contract based on BAC's failure to give notice prior to accelerating the loan and its denial of BAC's motion for summary judgment on Wedereit's claims for wrongful foreclosure, equitable relief, punitive damages and attorney fees, contending that (1) the trial court erred in sua sponte granting partial summary judgment to Wedereit; (2) the trial court erred in finding, as a matter of law,

that there was no notice of the acceleration of the loan; and (3) the trial court erred in denying BAC summary judgment on Wedereit's claims for wrongful foreclosure, equitable relief, punitive damages and attorney fees. For the reasons that follow, we affirm the trial court's ruling.

On appeal from a grant or denial of summary judgment, we conduct a de novo review of the law and evidence. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998). In applying this standard of review, we view the evidence in the light most favorable to the nonmovant to determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. Id.

So viewed, the evidence shows that on December 19, 2006, Wedereit purchased property located at 2011 Sylvan Lake Drive in Grovetown. Wedereit executed a note in the amount of $143,000 ("the Note") in favor of SurePoint Lending, as well as a security deed ("the Deed"), pledging the property as collateral for the Note. Beginning May 2007, Wedereit was late in making his monthly mortgage payments, and starting in 2008, he began missing monthly payments. On January 5, 2009, the Note and Deed were transferred and assigned to Countrywide Home Loans Servicing, later renamed BAC. In May 2010, BAC referred the loan to

2

a foreclosure firm, which sent Wedereit two letters giving notice that the loan was in default, the entire amount of the loan was due, and BAC intended to foreclose. On July 6, 2010, BAC purchased the property at a non-judicial foreclosure sale.

Wedereit filed suit against BAC for wrongful foreclosure, based on allegations that BAC did not own the note and had failed to give proper notice of the foreclosure sale under OCGA § 44-14-162.2, and breach of contract, based on BAC's failure to modify the terms of the mortgage under the federal Home Affordable Modification Program and failure to give pre-acceleration notice as required by the Deed. Wedereit sought damages, punitive damages, injunctive relief and attorney fees. As noted, the trial court sua sponte partially granted summary judgment to Wedereit on his claim for breach of contract based on BAC's failure to give notice prior to accelerating the loans, granted Wedereit leave to amend to state a claim for wrongful foreclosure based on the lack of pre-acceleration notice, and denied BAC's motion for summary judgment on Wedereit's claims for wrongful foreclosure, equitable relief, punitive damages and attorney fees. The trial court also partially granted summary judgment to BAC on Wedereit's claim for wrongful foreclosure based on BAC's ownership of the note and failure to give notice under the foreclosure statute, OCGA § 44-14-

3

162.2, and on Wedereit's claim for breach of contract for failing to modify the loan. Wedereit does not appeal these rulings.

A dispossessory action was filed against Wedereit, but that action has been stayed pending the resolution of Wedereit's claims in this case. Wedereit is making payments on the property into the registry of the magistrate court as part of the dispossessory action.

1. BAC contends that the trial court erred in sua sponte granting partial summary judgment to Wedereit on the issue of pre-acceleration notice because Wedereit never raised the acceleration issue and therefore BAC had no opportunity to respond to this claim. We discern no error and therefore disagree.

The trial court has authority to sua sponte grant summary judgment and can grant summary judgment to the nonmoving party where the issues are the same as those involved in the movant's motion. *Forsyth County v. Waterscape Svcs., LLC*, 303 Ga. App. 623, 629 (1) (694 SE2d 102) (2010). Such sua sponte grant of summary judgment, however, "must be proper in all other respects. This means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and

4

opportunity to respond prior to entry of summary judgment." (Footnote omitted.) *Tidwell v. Tidwell*, 251 Ga. App. 863, 864 (554 SE2d 822) (2001).

Paragraph 22 of the Deed required BAC to give notice to Wedereit of the default, as well as the action required to cure the default, and give Wedereit at least 30 days to cure the default prior to accelerating the loan. Count II of Wedereit's Amended Complaint asserts breach of contract based on BAC's failure to comply with the requirements of paragraph 22 of the Deed. In its motion for summary judgment, BAC stated, "[i]n Count II of the Complaint, Plaintiff asserts a claim for breach of contract, this time defining the contract at issue as the Security Deed itself. Plaintiff alleges that Defendants, in initiating and completing the foreclosure, failed to comply with Paragraph 22 of the Security Deed—a provision that specifies the requirements for giving notice to the Borrower prior to the Lender's acceleration of the debt as the result of the Borrower's breach[.]"

BAC alleged in its statement of material facts in support of its motion for summary judgment that it advised Wedereit in June 2009 that any partial monthly payments would not be accepted, but BAC's accompanying affidavit made no mention of pre-acceleration notice. Moreover, in discovery, Wedereit requested "all notices" from BAC to Wedereit regarding the "right to cure default pursuant to

5

paragraph 22 of the Security Deed." BAC objected to this request as overly broad and unduly burdensome, but indicated that it would nonetheless provide to Wedereit's counsel any responsive documents.

At the hearing on BAC's motion for summary judgment, BAC argued – but presented no evidence – that in June 2009 Wedereit was given notice that the loan was in default and was being accelerated. At the same hearing, BAC argued that Wedereit alleged that BAC had breached the Deed by not giving proper notice.

As shown above, Wedereit clearly raised the issue of lack of notice of acceleration of the loan in his complaint. In moving for summary judgment, BAC responded to those allegations, although it failed to present any evidence on the issue, despite ample opportunity to do so. Thus, BAC was not deprived of the opportunity to be heard. See *Builders Mart of America, Inc. v. Gilbert*, 257 Ga. App. 763, 766 (2) (572 SE2d 88) (2002) (no error in sua sponte granting summary judgment where party had ample opportunity to respond to claim and did so).[1]

---

[1] BAC also contends that the trial court improperly granted summary judgment to Wedereit on Count II of Wedereit's amended complaint (failure to give pre-acceleration notice as required in the Deed) after declining to consider the amended complaint as evidence. In its summary judgment order, the trial court indicated that it would not consider the unverified *facts* alleged in the amended complaint as evidence. Here, the trial court did not need to rely on any facts alleged in the amended complaint since the Deed was already part of the record.

2. BAC also contends that the record establishes that it met the pre-acceleration notice requirements in the Deed because the letters sent in May 2010 by the foreclosure firm allowed Wedereit a period of over 30 days before the sale on July 6 to cure the default, and Wedereit made no attempt to cure his default. We disagree.

"The construction of a deed presents a question of law which this Court reviews de novo." (Footnote omitted.) *Second Refuge Church of Our Lord Jesus Christ, Inc. v. Lollar*, 282 Ga. 721, 724 (2) (653 SE2d 462) (2007).

Here, paragraph 22 of the Deed required BAC to give Wedereit notice specifying: "(a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any defense of Borrower to acceleration and sale."

On May 28, 2010, the foreclosure firm sent a letter to Wedereit notifying him that the loan was in default ("the first letter"). The first letter advised Wedereit that the foreclosure firm had been retained to collect the debt, Wedereit owed

$166,629.10, foreclosure proceedings against the property were possible, and Wedereit could dispute the debt. On the same day, the foreclosure firm sent a second letter to Wedereit ("the second letter"), notifying him that a failure to comply with the terms of the loan had created a default, the entire amount of the outstanding balance of the loan was due immediately, partial payment would not result in reinstatement or deceleration of the loan, and the property was to be sold at a non-judicial foreclosure sale on July 6, 2010. The second letter also included a copy of the published Notice of Sale.

The first and second letter gave Wedereit notice that he was in default, but the letters advised Wedereit that he owed the full accelerated amount of the loan, $166,629.10. Neither letter gave Wedereit notice of the action required to cure the default, the date by which to cure, that failure to cure would result in acceleration, or that Wedereit had a right to reinstate after acceleration. Accordingly, the first and second letters did not meet the notice requirements of paragraph 22 of the Deed. Compare *Austin v. Bank of America, N. A.*, 293 Ga. 42, 45-46 (1) (743 SE2d 399) (2013) (lender gave notice of default, lender's right to accelerate, and last day to cure).

BAC relies on *Salahat v. Fed. Deposit. Ins. Corp.*, 298 Ga. App. 624 (680 SE2d 638) (2009) for the proposition that a premature demand for accelerated payment can constitute sufficient notice if the debtor is given adequate time to cure the default and fails to do so. In *Salahat*, the relevant provision of the note required the lender to give notice that the debtor was in default before accelerating the loan, but did not require any further notice prior to acceleration, and did not require the notice of default to include a demand for payment or spell out the debtor's right to cure within ten days. Id. at 625-626, 628. Once the lender gave notice of the default, and the debtor did not attempt to cure the default, the lender was entitled to accelerate the loan at the end of the ten-day grace period. Id. at 628.

Here, the Deed required BAC to send a notice that spelled out: the actions required to cure the default and the debtor's right to cure within 30 days. Only, if "the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by the Security Instrument without further demand[.]" Neither the first nor second letter gave Wedereit 30 days to cure the default. Rather, both letters required Wedereit to make full payment on the loan, which was not permitted under the Deed until after he was first given an opportunity to cure the default. *Zions First Nat. Bank v. Macke*, 316 Ga. App. 744,

9

753 (4) (a) (730 SE2d 462) (2012) (debt acceleration premature without a curing period).

Since the record shows that BAC failed to give Wedereit proper notice prior to accelerating the loan, we hold that the trial court was correct in granting summary judgment to Wedereit on his claim for breach of contract. In so holding, we note that to prevail on his claim for breach of contract, Wedereit still has to show damages resulting from BAC's failure to give pre-acceleration notice. *Canton Plaza, Inc. v. Regions Bank, Inc.*, 315 Ga. App. 303, 306 (1) (732 SE2d 449) (2012) (the elements for a breach of contract claim are breach and resulting damages to the party who has the right to complain about the contract being broken).

3. BAC contends that the trial court erred in denying its motion for summary judgment on Wedereit's claims for wrongful foreclosure, equitable relief, punitive damages and attorney fees. We disagree.

(a) *Wrongful foreclosure*

First, BAC contends that the trial court erred in denying its motion for summary judgment on Wedereit's claims for wrongful foreclosure because there was no violation of Georgia's foreclosure statute.

Under OCGA § 23-2-114, "[p]owers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised." A claim for wrongful sale pursuant to OCGA § 23-2-114 can arise when a creditor forecloses on property without the legal right to do so, in violation of the terms of the deed. See *Brown v. Freedman*, 222 Ga. App. 213, 214 (1) (474 SE2d 73) (1996).

Where the deed requires the lender to provide an opportunity to cure before accelerating the loan and the lender fails to do so, the debt acceleration is premature. *Zions First National Bank*, supra, 316 Ga. App. at 752-753 (4) (a). The right to accelerate is premised on a default, but if the default is cured, there is no right to accelerate. See id. Therefore, premature acceleration of a loan can give rise to a claim for wrongful foreclosure. See e.g., id.

Where, as here, the lender forecloses on property without first giving the debtor an opportunity to cure the default prior to accelerating the loan, and the Deed requires prior notice, the bank is not entitled to summary judgment on the debtor's wrongful foreclosure claim.

(b) *Damages and equitable relief*

BAC contends that Wedereit failed to establish damages or entitlement to equitable relief in his wrongful foreclosure claim because he failed to tender payment

prior to the foreclosure sale. In order to prevail on a wrongful foreclosure claim, a debtor must establish duty, breach, causation, and damages. *Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285, 286 (2) (443 SE2d 837) (1994). Where a foreclosing party breaches his statutory duty to exercise the power of sale fairly and in good faith, the debtor may either sue for damages or seek to set aside the foreclosure. Id. at 285-286 (1).

Here, while Wedereit admitted that he did not tender any payment to forestall the foreclosure sale in July 2010, the first and second letter gave Wedereit no opportunity to cure the default, and the second letter indicated that he was obligated to pay the full balance of the loan and that partial payment would not reinstate the loan. Accordingly, there remains a genuine issue of material fact as to whether BAC's failure to provide proper pre-acceleration notice entitles Wedereit to damages or equitable relief.

(c) *Attorney fees and punitive damages*

Lastly, BAC contends that the trial court erred in denying its motion for summary judgment on Wedereit's claims for attorney fees and punitive damages.

(i) Attorney fees are available "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and

expense[.]" OCGA § 13-6-11. "Questions concerning bad faith under this statute are generally for the jury to decide, and the trial court may grant judgment as a matter of law on such issues only in the rare case where there is absolutely no evidence to support the award of expenses of litigation." (Citation and punctuation omitted.) *Layer v. Clipper Petroleum, Inc.*, 319 Ga. App. 410, 420 (7) (735 SE2d 65) (2012). Summary judgment on Wedereit's claims for attorney fees would be premature since his claims for breach of contract and wrongful foreclosure remain pending. Thus, the trial court properly denied summary judgment to BAC on Wedereit's claims for attorney fees.

(ii) Punitive damages are awardable "solely to punish, penalize, or deter a defendant." OCGA § 51-12-5.1 (c). To support an award of punitive damages, there must be clear and convincing evidence that the defendant's actions showed "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1 (b). Punitive damages are available in wrongful foreclosure cases. See, e.g., *Curl v. First Federal Savings and Loan Association of Gainesville*, 243 Ga. 842 (257 SE2d 264) (1979). Construing the evidence in the light most favorable to Wedereit, there is a genuine issue of fact as to whether BAC's conduct demonstrated an entire

13

want of care such that it raised the presumption of conscious indifference to the consequences. See *Fowler v. Smith*, 237 Ga. App 841, 848 (2) (516 SE2d 845) (1999). Summary judgment on the issue of punitive damages is likewise premature while Wedereit's wrongful foreclosure claim is pending.

In sum, we affirm the trial court's partial grant of summary judgment to Wedereit because the record shows that BAC failed to give proper pre-acceleration notice as required by the Deed and we agree that the remaining issues related to Wedereit's claims for wrongful foreclosure and breach of contract should go to the jury.

*Judgment affirmed. Phipps, C.J., and Doyle, P. J., concur.*