[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11626
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01964-WSD


ANDREW HALL,

                                                              Plaintiff-Appellant,

versus

HSBC MORTGAGE SERVICES, INC.,

                                                              Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 19, 2014)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Andrew Hall appeals the district court's denial of his motion for leave to file an amended complaint. Hall filed an initial complaint against HSBC Mortgage Services, Inc. (HSBC) alleging causes of action arising from HSBC's foreclosure on Hall's property and subsequent efforts to evict Hall from the property. After HSBC filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the magistrate judge issued a report and recommendation (R&R) concluding Hall's complaint should be dismissed. Before the district court reviewed the magistrate judge's R&R, Hall filed a motion for leave to amend his complaint.

In his proposed amended complaint, Hall alleged that on September 29, 2005, he executed a promissory note and security deed in favor of Fieldstone Mortgage Company for a loan in the amount of $191,292. Hall alleged that the loan was subsequently deposited in the HSBC Home Equity Loan Trust 2005-3, of which U.S. Bank, N.A. was the trustee and HSBC was the servicing agent. In late 2009, Hall defaulted on the loan. On June 25, 2010, the grantee of the security deed, Mortgage Electronic Registration Systems Inc., assigned all rights, title, and interest under the security deed to HSBC. Sometime thereafter, HSBC issued letters to Hall and published a "Notice of Sale Under Power" which stated that Hall had defaulted on the loan and indicated the property would be sold on July 6, 2010. The property was then sold in a non-judicial foreclosure sale on that date. In his

2

proposed amended complaint, Hall alleged that none of the letters HSBC sent him complied with the notice requirements specified in the security deed for accelerating repayment of the loan and, further, that HSBC failed to comply with the statutory notice requirements of O.C.G.A. § 44-14-162.2.  Hall asserted claims for (1) declaratory relief, (2) breach of contract, (3) violation of § 44-14-162.2, (4) wrongful foreclosure, and (5) violation of the Fair Debt Collection Practices Act.

The district court dismissed Hall's initial complaint, finding that it failed to state a claim for relief.  The district court also denied Hall's motion for leave to file an amended complaint.  This appeal followed.

## I. STANDARD OF REVIEW

We review the district court's denial of a motion for leave to amend for abuse of discretion, but review *de novo* the district court's conclusion that an amendment to the complaint would be futile.  *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1336 (11th Cir. 2010).  We may affirm the district court's judgment on any ground supported by the record.  *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

## II. DISCUSSION

It is axiomatic that the district court should freely give leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  Nonetheless, "a motion to amend may be denied on

numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013) (quotation omitted).

Contrary to Hall's contentions, the district court did not err in determining that Hall's proposed amendments to the complaint would be futile. Hall's amended complaint would still be subject to dismissal for failure to state a claim, and the district court was not required to waste its time allowing Hall to file a legally insufficient pleading. *See Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008) ("Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim."). Hall's amended complaint does not contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Although Hall claims that the letters and notices HSBC sent to him did not comply with the notice requirements of the security deed, Hall nowhere provides the actual content of those letters and did not attach them as exhibits to his proposed amended complaint. Instead, Hall merely "tender[ed] naked assertions devoid of further factual enhancement" which did not allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotations and alteration omitted). Hall also failed to

plead sufficient facts plausibly raising an inference of causation and damages stemming from HSBC's alleged breach of contract. *See BAC Home Loans Servicing, L.P. v. Wedereit*, 759 S.E.2d 867, 872 (Ga. Ct. App. July 8, 2014) (explaining that to prevail on a breach of contract claim, a party must show damages resulting from a failure to give proper pre-acceleration notice).

Similarly, Hall's allegations that HSBC failed to comply with the notice requirements of O.C.G.A. § 44-14-162.2 and wrongfully foreclosed on the property did not "raise [his] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Hall's assertions of causation and damages amount only to conclusory statements and legal conclusions couched as factual allegations and, as such, do not suffice. *See Iqbal*, 556 U.S. at 678; *Gregorakos v. Wells Fargo Nat'l Ass'n*, 647 S.E.2d 289, 292 (Ga. Ct. App. 2007) ("In Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." (quotation and brackets omitted)). Hall's purported claim for violations of § 44-14-162.2 was premised on the assertion that HSBC did not have full authority to negotiate, amend, and modify the terms of the loan because it was merely a servicing agent. The Georgia Supreme Court, however, has indicated that a servicing agent may have full authority within the meaning of § 44-14-162.2, *You*

5

*v. JP Morgan Chase Bank*, 743 S.E.2d 428, 433-34 (Ga. 2013), and HSBC was specifically assigned both the security deed and the promissory note, as well as all powers, options, privileges, and immunities arising under those instruments.

Hall's allegations regarding violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., also amounted only to "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. Hall's conclusory allegations that HSBC wrongfully and deceptively attempted to collect a debt from him did not allow the district court "to infer more than the mere possibility of misconduct," and did not move his claims "across the line from conceivable to plausible." *Id.* at 679-80 (quotations omitted).  Accordingly, the district court was not required to allow Hall to amend his complaint to assert them.

Finally, because Hall failed to sufficiently plead any claims for relief, his claim for declaratory relief premised on those claims was also insufficient.

### III. CONCLUSION

For the foregoing reasons, we affirm the district court's decision denying Hall leave to amend.

**AFFIRMED.**

6