[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11898
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-03792-RWS

SANDRA CARTER,

                                                    Plaintiff-Appellant,

versus

HSBC MORTGAGE SERVICES, INC.,
MCCURDY CANDLER, LLC,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 9, 2015)

Before TJOFLAT, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Sandra Carter, proceeding *pro se*, appeals the district court's denial of her motion for leave to file an amended complaint. The district court determined that Carter's proposed amendments, which were submitted after the magistrate judge recommended dismissing her complaint, were filed with undue delay and would prejudice the defendants. Because we conclude that Carter, as a *pro se* plaintiff, was entitled to at least one opportunity to amend her complaint, we vacate and remand for further proceedings.

## I.

In November 2013, Sandra Carter filed a *pro se* complaint in federal court against HSBC Mortgage Services, Inc. ("HSBC"), and McCurdy and Candler, LLC ("McCurdy"), alleging violations arising out of the attempted foreclosure of her home. According to the complaint, Carter purchased her home in 2006 with a mortgage loan secured by the purchased property. The security deed was assigned to HSBC in May 2012. At some point, Carter requested a loan modification under the Home Affordable Modification Program ("HAMP"), but HSBC refused to modify the loan. In a letter dated October 1, 2013, McCurdy, on behalf of HSBC, notified Carter that the entire amount of the outstanding balance of the loan was due immediately and that it would conduct a foreclosure sale to collect the debt. Carter then sent debt-validation requests, under the Fair Debt Collection Practices Act ("FDCPA") and the Truth in Lending Act ("TILA"), to both HSBC and

McCurdy.    Carter alleged that both HSBC and McCurdy failed to respond adequately under the statutes.

Based on these allegations, Carter claimed that the defendants violated both the FDCPA and the TILA, that the May 2012 assignment to HSBC was void because it was in contravention of the servicing and pooling agreement applicable to the trust in which her note was held, and that, in denying modification under the HAMP, HSBC violated a consent order with the Federal Reserve.

In December 2013, HSBC and McCurdy both moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P.  In March 2014, a magistrate judge issued a report recommending that the district court grant the defendants' motions to dismiss.  The magistrate judge found that all of Carter's claims failed as a matter of law.

Carter did not object to the magistrate judge's report and recommendation. Instead, a week later she filed a motion for leave to file an amended complaint.  In her proposed amended complaint, Carter no longer pursued the alleged violations raised in the original complaint.  Rather, she alleged that HSBC and McCurdy had not provided notice of default and an opportunity to cure, as required by the security deed, before accelerating the debt and attempting to foreclose.  She alleged that the October 1, 2013, foreclosure letter she received from McCurdy on behalf of HSBC was not sufficient to comply with the security deed.  Carter put

3

forth the following counts in her amended complaint: (1) declaratory relief under the Declaratory Judgment Act, (2) breach of contract, (3) negligence, (4) gross negligence, (5) negligence *per se*, and (6) violation of the FDCPA.

McCurdy and HSBC both filed responses in opposition to Carter's motion for leave to file an amended complaint. They argued that leave to amend should be denied because Carter filed the amendments with undue delay, the defendants would be prejudiced, and her proposed amendments were futile. To support their futility argument, they both submitted the same exhibit of a letter HSBC allegedly sent to Carter in June 2013 giving her notice of breach and of her right to cure any default on the loan, and warning that failure to cure the default by July 19, 2013, would result in acceleration of the debt.

Carter filed a reply brief in support of her motion arguing that the amendment was timely because the case was still at an early stage and that no prejudice would result because the amended claims stemmed from facts already alleged. Additionally, Carter argued that her amended claims were not futile, and she denied receiving notice of default and challenged the authenticity of the letter allegedly sent to her by HSBC.

The district court adopted the magistrate judge's report and recommendation, dismissed Carter's original complaint, and denied Carter's motion for leave to file an amended complaint. In its order, the court found that

Carter's motion for leave to amend was filed with undue delay because she knew the amended facts and claims at the time the original complaint was filed but did not seek to amend the complaint until after the magistrate judge had issued a final report and recommendation on the motions to dismiss. Carter had no explanation for her delay in seeking to assert new claims, the court stated, and the defendants already had spent time and resources addressing her original complaint. Consequently, the district court dismissed the action and entered judgment in favor of the defendants. Carter appeals the denial of her motion for leave to amend.

## II.

We review the district court's denial of a motion for leave to amend for an abuse of discretion, though we review *de novo* any district court finding as to whether an amendment to the complaint would be futile. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC,* 600 F.3d 1334, 1336 (11th Cir. 2010). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004) (quotation marks omitted).

## III.

A district court should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th

Cir. 2014).  Nonetheless, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment."  *Mann v. Palmer,* 713 F.3d 1306, 1316 (11th Cir. 2013) (quotation marks omitted).  "A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings."  *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013).  Prejudice is likely to exist if the amendments involve new theories of recovery or would require further discovery.  *Id.*

A *pro se* plaintiff, however, "*must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," at least where a more carefully drafted complaint might state a claim.  *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (emphasis added), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*). This is true even where the plaintiff does not seek leave to amend until after the district court enters final judgment.  *Bank*, 928 F.2d at 1112.  In *Wagner*, we overruled our decision in *Bank*, holding that "[a] district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."  *Wagner*, 314 F.3d at 542.  We noted, however,

6

that our decision "intimate[d] nothing about a party proceeding *pro se*."  *Id.* at 542 n.1.  Consequently, we apply *Bank* in this case, which involves a *pro se* plaintiff.

There are two situations in which the district court need not grant leave to amend under *Bank*:  (1) where the plaintiff has indicated that she does not wish to amend her complaint;  and (2) where a more carefully drafted complaint could not state a claim and is, therefore, futile.  *Bank*, 928 F.2d at 1112.  Given that Carter moved to amend her complaint, the first exception is not applicable.  As to the second exception, where the issue of futility is close, we err on the side of generosity to the plaintiff.  *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1206 (11th Cir. 2003).

Because undue delay and prejudice are not factors that allow a district court to deny leave to amend under *Bank*, *see Bank*, 928 F.2d at 1112 (noting only two exceptions to its holding), it was an abuse of discretion for the court to deny leave to amend on that basis, *see Klay*, 376 F.3d at 1096 (application of an incorrect legal standard constitutes an abuse of discretion).  The cases relied upon by the district court and the appellees are distinguishable because they do not involve a *pro se* plaintiff denied leave to amend based on undue delay and prejudice to the defendants.  *See, e.g.*, *Tampa Bay Water*, 731 F.3d at 1187-88 (counseled plaintiff); *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (same); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999)

7

(same, and complaint already had been amended); *Hall v. HSBC Mortg. Servs., Inc.*, 581 F. App'x 800, 802-03 (11th Cir. 2014) (affirming denial of counseled plaintiff's motion for leave to amend based on futility of amendment); *Mitchell v. Thompson*, 564 F. App'x 452, 456 (11th Cir. 2014) (affirming denial of *pro se* plaintiff's motion for leave to amend based on futility of amendment).

Because Carter filed a motion for leave to amend and had not previously amended her complaint, the only applicable exception to the holding in *Bank* is whether Carter's proposed amendments would be futile. *Bank*, 928 F.2d at 1112. We review this question *de novo*. *SFM Holdings, Ltd.*, 600 F.3d at 1336.

Carter specifically alleged that HSBC had failed to give her notice of default and an opportunity to cure, as required by the terms of the security deed, before proceeding with a foreclosure sale. The district court, despite suggesting that most of her amendments would be futile, conceded that there might be some arguable merit in this allegation. The court's belief is supported by Georgia law, which recognizes a claim for wrongful foreclosure or breach of contract when the foreclosing party exercises the power of sale in violation of the terms of the security deed. *BAC Home Loans Servicing, L.P. v. Wedereit*, 759 S.E.2d 867, 872 (Ga. Ct. App. 2014); *see* O.C.G.A. § 23–2–114 ("Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised."); *Austin v. Bank of Am., N.A.*, 743 S.E.2d 399, 402 (Ga. 2013) ("The

8

issue of the sufficiency of notice required by a contractual provision of a contract is a question of law for the court.").

The Court of Appeals of Georgia has explained the reasoning underlying a claim based on breach of a notice provision in the security deed as follows:

> Where the deed requires the lender to provide an opportunity to cure before accelerating the loan and the lender fails to do so, the debt acceleration is premature. The right to accelerate is premised on a default, but if the default is cured, there is no right to accelerate. Therefore, premature acceleration of a loan can give rise to a claim for wrongful foreclosure.

*Wedereit*, 759 S.E.2d at 872 (citations omitted). Consequently, Carter's allegation that she did not receive notice of default and an opportunity to cure before acceleration of the debt, as required by the security deed, appears to allege properly a breach of the duty to exercise the power of sale fairly under § 23–2–114.

HSBC contends that Carter's proposed amendments are futile because it did, in fact, send the required notice of default in June 2013. HSBC attached this purported document to their response in opposition to Carter's motion for leave to amend. However, at the motion-to-dismiss stage, documents attached to a motion to dismiss (or analogous filing, as here) are not properly considered by the court unless (1) they are central to the plaintiff's claim, such as a contract in a breach-of-contract action, and (2) their authenticity is not challenged. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Because Carter's claim is not based on the

9

sufficiency of the content contained in the document, but rather on her failure to receive the notice altogether, we disagree with HSBC that the document was "central" to her claim as required by *Horsley*. *See also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The fact that such a document exists with Carter's name and address on it does not necessarily mean that it was sent to Carter or that she received the document. Carter also asserted that she challenged its authenticity.

Although the issue of futility may be close, particularly as to whether Carter has sufficiently alleged causation and damages, *see Calhoun First Nat'l Bank v. Dickens*, 443 S.E.2d 837, 839 (Ga. 1994) ("Having established duty and breach, however, [the plaintiff] still needed to show a causal connection between the lack of notice and the alleged injury."), we err on the side of generosity to the plaintiff, *O'Halloran*, 350 F.3d at 1206, particularly where, as here, the district court has recognized that Carter's proposed amended complaint may have some arguable merit. Because the district court, nonetheless, denied Carter leave to amend her *pro se* complaint at least once, we conclude the court erred in failing to grant leave to amend based on undue delay and prejudice to the defendants. *See Bank*, 992 F.2d at 1112. Consequently, we vacate the denial of Carter's motion for leave to amend and remand for further proceedings.

**AFFIRMED in part, VACATED in part, and REMANDED.**[1]

---

[1]    Because Carter does not challenge the district court's dismissal of the claims in her original complaint, we affirm the dismissal of her original complaint.